```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT

Royal Harrison,                   :
        Plaintiff,                :
                                  :
        v.                        :   File No. 2:07-CV-258
                                  :
Richard Hill, John Hill,          :
Ed Vladyka, Brier Hill            :
Slate Co., Inc., Greenstone       :
Slate Co., Inc.,                  :
        Defendants.               :
```

                    OPINION AND ORDER
                    (Papers 16 and 29)

Plaintiff Royal Harrison, proceeding *pro se*, brings this diversity action claiming that defendant Richard Hill breached an oral agreement to award him an ownership share in a slate company.  The defendants have moved to dismiss the complaint (Paper 16), arguing that Harrison's contract claim is barred by the Statute of Frauds, and that he has failed to allege any wrongdoing by defendants Ed Vladyka and John Hill.  Also pending before the Court is Harrison's motion to amend his complaint to add claims of fraud, breach of duty of fair dealing, and negligence.  For the reasons set forth below, the defendants' motion to dismiss (Paper 16) is

DENIED and Harrison's motion to amend the complaint (Paper 29) is GRANTED.

## Factual Background

For the limited purpose of ruling on the pending motion to dismiss, the facts alleged in the complaint will be accepted as true.  In 2000, Harrison owned a quarry referenced in the initial complaint as the "Somich Bro Slate quarry."  At that time, he and defendant Richard Hill entered into an oral agreement calling for Harrison to transfer ownership of the quarry to Briar Hill Slate Company, an entity in which Richard Hill holds an interest.  In exchange, Harrison was to receive a one-half ownership in Briar Hill Slate Company "anytime after two years were up."  (Paper 4 at 4).  According to Harrison, Hill told him that after two years "all I had to do was ask for it anytime, as I could run it anyway I see fit, and do whatever I want with it."  Id.

In 2002, Harrison asked for his half of the company.  Hill informed him that he must first repay a $40,000 debt.  The complaint alleges that Hill is now

taking "millions of dollars in slate" out of the quarry, and that Harrison is entitled to half.

Like Richard Hill, defendant Ed Vladyka is an owner of Briar Hill Slate Company.  In the initial complaint, Harrison claims that Vladyka and co-defendant John Hill were aware of Richard Hill's promise to give Harrison half of the company.  In his proposed amended complaint, Harrison adds new and more detailed allegations against the Hills and Vladyka, as well as a negligence claim pertaining to a bulldozer accident in which Harrison allegedly suffered severe injuries.

Discussion

I.  Motion to Dismiss Standard

The defendants have moved to dismiss the complaint.  On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  To survive dismissal, a complaint must plead enough facts to be plausible on its face.  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,

1974 (2007)). *Pro se* filings should be read more liberally than those filed by attorneys. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

II. <u>Statute of Frauds</u>

The defendants first argue that because performance of the alleged oral contract between Harrison and Richard Hill could not have been completed within one year, the agreement is unenforceable under the Statute of Frauds. Since this is a diversity action, the Court will apply Vermont law. <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938).

Vermont's Statute of Frauds, codified at 12 V.S.A. § 181, provides in pertinent part:

> An action at law shall not be brought in the following cases unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him lawfully authorized:
>
> . . . (4) An agreement not to be performed within one year from the making thereof.

The agreement alleged in this case called for the defendants to grant Harrison a one-half interest in Briar Hill Slate Company after two years. Given that the period for performance was fixed at more than one

4

year, and the agreement could not have been performed in less than one year, it appears to have fallen within the purview of the statute.  See Hinckley v. Southgate, 11 Vt. 428 (1839).

The Vermont Supreme Court, however, has recognized an exception to the Statute of Frauds' one-year provision in cases where there is complete performance by one of the parties.  See Mason v. Anderson, 146 Vt. 242, 244 (1985) (joining "a majority of jurisdictions" in adopting exception) (citations omitted).  Reading the complaint liberally, Harrison alleges that after he signed the "Somich Bro Slate quarry" over to Briar Hill Slate Company, his only remaining obligation was to wait two years.  Once he did so, Richard Hill was required to award him the agreed-upon interest in Briar Hill. Because Harrison allegedly performed his part of the bargain in full, the one-year provision in the Statute of Frauds will not protect the defendants from a breach of contract claim.  Id.

The defendants next argue that the Statute of Frauds applies to the extent that the agreement alleged in the complaint involved the sale of land.  On this

point, Vermont's Statute of Frauds forbids enforcement of an oral agreement involving "[a] contract for the sale of lands, tenements or hereditaments, or of an interest in or concerning them."  12 V.S.A. § 181(5).  Again, the Vermont Supreme Court has recognized an exception where there has been full performance by one party.  See Rappaport v. Estate of Banfield ex rel. Hoquet, 181 Vt. 447, 452 (2007) (citing In re Estate of Gorton, 167 Vt. 357, 361 (1997) ("Enforcement is justified on the ground that repudiation by one party after the other has fully performed amounts to a virtual fraud.")).  Since Harrison alleges that he fully-performed his part of the bargain, and accepting all allegations in the complaint as true, the exception applies and the Court cannot dismiss the complaint on the basis of the Statute of Frauds at this time.

III.   Ed Vladyka, John Hill, and the Motion to Amend

In addition to the Statute of Frauds argument, defendants Ed Vladyka and John Hill argue for dismissal on the ground that Harrison has not stated any facts to support a legal claim against them.  Indeed, in his initial pleading, Harrison's sole claim against Ed

Vladyka and John Hill is that they were aware of his oral agreement with Richard Hill.  He does not claim that they were parties to the agreement, or that they engaged in any misconduct.  Harrison's proposed amended complaint, however, has more detailed allegations against both of these defendants.  His motion to amend is unopposed.

The proposed amended complaint claims that both John and Richard Hill made promises to Harrison that led him to purchase the quarry from Somich Brothers Slate Company.  Specifically, the Hills allegedly agreed to finance half of the purchase price, and to provide legal and financial support "in the event the business got off to a slow start."  (Paper 29 at 3).  Harrison claims that the Hills "completely breached that agreement," and that it was his inability to make payments that led him to sign the mortgage for the Somich Brothers quarry over to Briar Hill Slate Company.  Id. at 4.  In addition to the breach of contract claim against Richard Hill, the amended complaint accuses all defendants of breach of contract, common law fraud, and breach of duty of fair dealing.

7

With respect to defendant Vladyka, the amended complaint alleges that Vladyka and the Hills "confronted plaintiff in a heated argument" that culminated in Vladyka pulling a gun on Harrison and threatening to kill him.  Id. at 5.  The amended complaint also adds a negligence claim, alleging that Richard Hill deployed Harrison to operate a bulldozer in a mining area that Hill "knew or reasonably should have known to be a[n] unsafe hazardous mining area."  Id. at 4.  As a result, Harrison was severely injured in an accident, suffering a fractured skull, brain swelling, and related permanent injuries.

Before deciding whether to grant defendants' motion to dismiss for failure to state a claim, the Court must first decide whether to allow Harrison's amended, and more thorough, pleading.  See, e.g., Tiu-Malabanan v. University of Rochester, 2008 WL 788637, at *3-*4 (W.D.N.Y. March 21, 2008).  A motion to amend a pleading should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a).  Such a motion may be denied where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." <u>Routolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Here, Harrison has moved promptly to amend his complaint. There is no indication of bad faith, and the claims in the amended complaint are not plainly futile. The proposed amendment elaborates on the initial contract-based claims against Richard Hill, offers new such claims against John Hill, and alleges arguably tortious conduct by defendants Ed Vladyka and Richard Hill. In light of the liberal standard under Rule 15, the motion to amend is GRANTED.

Given that there is now an amended pleading to consider, the Court will not dismiss Ed Vladyka and John Hill from the case. While the initial claims against these defendants were plainly insufficient, the amended complaint is far more detailed with respect to their respective roles in any alleged wrongdoing. The motion

to dismiss defendants Ed Vladyka and John Hill is, therefore, DENIED.

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss (Paper 16) is DENIED and Harrison's motion to amend (Paper 29) is GRANTED.

Dated at Burlington, in the District of Vermont, this 23rd day of July, 2008.

<pre>
                        /s/ William K. Sessions III
                        William K. Sessions III
                        Chief Judge, U.S. District Court
</pre>